[Crim. No. 10208. Third Dist. Apr. 25, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
BRUCE ALLEN HEDRICK, Defendant and Appellant.

**COUNSEL**

Eric J. Coffill, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, J. Robert Jibson and Shirley A. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BLEASE, J.**—Defendant Bruce Allen Hedrick appeals from a judgment imposing a term of three years in state prison entered after a jury convicted him of embezzlement of a rental car. (Pen. Code, § 503.) We reverse for error in the giving of an instruction which could lead the jury to believe that the failure to return the rental car within 20 days of written demand was conclusive of the defendant's intent fraudulently to appropriate the automobile.

## I

On June 9, 1978, defendant entered into an agreement with the Redding Ford agency of Redding, California, for the rental of a Ford Fiesta automobile for one day at a price of $9 a day plus $.10 per mile. Defendant gave the Ford agency a $100 deposit on the rental. When he did not return the vehicle within the terms of the agreement, the agency attempted to locate him by phone and by registered mail. When these efforts failed, the agency reported the car to be stolen.

In the early morning hours of July 3, 1978, defendant was stopped in Ottawa, Kansas, by Ottawa public safety officer Terry Seaton. Seaton checked out defendant and the vehicle and released them. Shortly thereafter, Seaton learned from his dispatcher that the Ford Fiesta defendant was driving was stolen. An hour later another Ottawa officer located defendant and the Fiesta in a residental area of Ottawa.

Defendant was charged with taking the auto in violation of Vehicle Code section 10851 (count I) and, in the alternative, with embezzlement in violation of Penal Code section 503 (count II). Defendant took the stand in his own defense. He admitted making the rental agreement but testified that it was his understanding that if he did not return the car within the one-day agreement the Ford agency would simply extend the agreement until such time as he did return the car. He testified he thought the agreement allowed him a maximum of 30 days within which to return the car.

The jury found defendant not guilty of violation of Vehicle Code section 10851 (count I) but guilty of embezzlement as charged in count II. Also, on December 1, 1978, the court ordered defendant's bank account frozen pending the sentencing hearing.

## II

We consider on appeal whether the trial court's free-form rendering of instructions on the presumption of intent contained in Penal Code section 484[1] constitutes reversible error.

[1]Penal Code section 484, subdivisions (b) and (c), provide: "(b) Except as provided in Section 10855 of the Vehicle Code, *intent to commit theft by fraud is presumed if* one who has leased or rented the personal property of another pursuant to a written contract fails to return the personal property to its owner within 20 days after the owner has made written demand by certified or registered mail following the expiration of the lease or rental agreement for return of the property so leased or rented, or if one

■ A presumption of intent to commit theft by fraud is triggered by the failure of the lessee of a rental automobile to return the vehicle within 20 days of a written demand meeting the requirements of section 484. Here a written demand was made and defendant failed to return the car.

■ The jury was instructed as follows: "If you find that the evidence shows beyond a reasonable doubt that the Defendant failed to return the vehicle in question to its owner within 20 days after the owner had made written demand by certified or registered mail to the Defendant, *you shall presume* the Defendant intended to committ [*sic*] theft by fraud. This is what is known as a rebuttable presumption and if, after a review of all the evidence, you have a reasonable doubt as to the Defendant's intent to fraudulently appropriate the vehicle in question, you are to find the Defendant not guilty.

"In conjunction with this presumption, I am going to review the following law. Within 30 days after the lease or rental agreement has expired, the owner shall make written demand for return of the property so leased or rented. Notice addressed and mailed to leasee [*sic*] or renter at the address given at the time of the making of the lease or rental agreement and to any other known address shall constitute a proper demand. Where the owner fails to make such written demand, the presumption created by—stated by me previously shall not apply." (Italics added.)

The instruction could be fairly understood by a reasonable juror as instructing that the presumption of intent is rebuttable *only* where a written demand for return is *not* made and that otherwise it is required. Since a demand was made of defendant the effect of the instruction as applied here was to require the jury to conclude that defendant did have the requisite intent. Given the instruction and fact of demand the jury was directed to presume conclusively defendant's intent.

Evidence Code section 604 explains that "[t]he effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact *unless and until* evidence is introduced which would support a finding of its nonexistence,

---

presents to the owner identification which bears a false or fictitious name or address for the purpose of obtaining the lease or rental agreement.

"(c) The presumptions created by subdivision (b) are presumptions affecting the burden of producing evidence."

in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption...." (Italics added.)

The presumption should have disappeared from the case when the defendant testified regarding his understanding of the return date for the car and the jury should not have been instructed on the presumption.

A presumption is not evidence (Evid. Code, § 600, subd. (a)) and could perform no other function in this case than to require the defendant to go forward to present some evidence of intent not to fraudulently appropriate the vehicle. (See *People* v. *Burres* (1980) 101 Cal. App.3d 341, 352 [161 Cal.Rptr. 593].)

Defendant contends the instruction is unconstitutional and in violation of the due process clause of the Fourteenth Amendment because it is irrational and arbitrary. He cites to *People* v. *Hemmer* (1971) 19 Cal.App.3d 1052, 1060 [97 Cal.Rptr. 516], where the court found the instruction violative of due process in the absence of a showing that the demand letter was actually received by the renter. We need not reach the constitutional issue, however, because defendant also argues the instruction was inappropriate in the circumstances of this case and the People do not dispute that contention.

■ The question before us is the effect of the error. Defendant claims it was prejudicial because it relieved the People of the burden of proving the intent element of the crime of embezzlement beyond a reasonable doubt, an error of constitutional magnitude (*In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068]) which the People have not shown harmless beyond a reasonable doubt (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].) The People claim the applicable standard of error is the *Watson* standard (*People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243]) of reversal only for a miscarriage of justice, but that under either *Watson* or *Chapman* the error was made harmless by the remainder of the jury instructions.

As explained above, given the fact of the demand to return the car, the effect of the instruction was to require the jury conclusively to presume the defendant's fraudulent intent thus transmuting a rebuttable presumption into a conclusive presumption. So read, the instruction removed the issue of defendant's intent from the jury.

The instructional error, having removed an element of the crime from consideration by the jury, is reversible per se. (*People* v. *Burres, supra*, 101 Cal.App.3d at p. 352.) Even if the error were to be measured by *Chapman* v. *California, supra*, 386 U.S. 18, we cannot say, beyond a reasonable doubt, that the error was harmless.

"The due process clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt every fact necessary to constitute the crime with which a defendant is charged in order to obtain a conviction. (*In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068].)" (*People* v. *Burres, supra*, 101 Cal.App.3d at p. 352.) Intent is a necessary element of the crime of which defendant was convicted and thus the element must be proved beyond a reasonable doubt. "Where the effect of a presumption is to take from the jury the determination of that necessary fact, beyond a reasonable doubt, as in the case of a conclusive or irrebutable presumption or when the effect of a presumption is to shift the burden of proof as to a necessary fact from the prosecution to the defendant, in either case,. . . the presumption is unconstitutional as invading the overriding presumption of innocence and diminishing the burden of proof cast upon the prosecution by the due process clause of the Fourteenth Amendment." (*Ibid.*)

With one exception,[2] we need not reach defendant's other assignments of error.

The judgment is reversed.

Puglia, P. J., and Regan, J., concurred.

---

[2]Only one other contention raised by defendant requires comment. On December 1, 1978, Judge Frumes, before whom the trial was conducted, issued an order freezing defendant's Fairfield bank account pending the sentencing hearing. At the sentencing hearing on January 2, 1979, Judge Phelps refused to rescind the order. He also declined to order restitution to the rental agency or payments to the public defender from the fund. He did order the account frozen for 60 days, apparently to allow the People to appeal his refusal to order payments from the fund. This has not happened, so in one sense the issue is moot. On retrial, the matter can be treated in the usual way, by the submission of a certified copy of the account for evidentiary purposes. There is no need and no legal basis at the moment for the court to retain the passbook.